S01A0574. MAXWELL et al. v. CARNEY et al.
(548 SE2d 293)

THOMPSON, Justice.

The Brooks County Board of Commissioners held a regularly scheduled monthly meeting on November 16, 1999, in the Brooks County Commission's meeting room. A number of people, over and above the room's seating and standing capacity, showed up for the meeting but they were unable to get in. Although a larger room in the building had been used for county meetings, the commission refused a request to move the meeting to the larger room. The stated reason for that refusal was that the public notice specified that the meeting would take place in the smaller room.

Thereafter, plaintiffs brought this suit seeking injunctive relief on the ground that the commission violated the Open Meetings Act, OCGA § 50-14-1 et seq. Following a hearing, the superior court enjoined the commission "from conducting public meetings . . . in the Brooks County Office Building unless both meeting rooms in the building are available to the board." Furthermore, the superior court ordered that, "if a new site is selected for public meetings the room shall provide adequate seating and space so that all members of the public who desire to attend may be accommodated." Finally, the superior court held "that a public notice of a meeting to the effect that all county commissioner's meetings in the Brooks County Office Building at [address] shall be legally sufficient regardless of which room in the building is utilized." The commission appeals asserting the superior court abused its discretion in shaping injunctive relief. We affirm in part and reverse in part.

1. The public notice did not specify in which room the meeting was to be held. The notice only gave the location of the building, and a sign with an arrow was placed at the entrance of the building to indicate which room was to be used. Moreover, the commission moved a previous meeting from the regular meeting room to the larger room in the building without advance notice. Accordingly, we find no error in that portion of the superior court's order which requires the commission to conduct meetings in the larger meeting room if the usual meeting room is insufficient to accommodate the public.

*Harms v. Adams*, 238 Ga. 186 (232 SE2d 61) (1977), upon which

the commission relies, is inapposite. In that case, the meeting was held in the mayor's office because the regular meeting room was occupied. Moreover, there was no evidence that another room was available.

2. The superior court's injunction is too broad insofar as it requires the commission to provide adequate seating to enable *all* members of the public to attend the meeting. The superior court would have the commission provide seating for everyone in the county if they all decided to attend a meeting. This was not the intent of the Open Meetings Act. The Open Meetings Act requires adequate, advance notice of a meeting – not physical access to all members of the public. See *Harms v. Adams*, supra.

*Judgment affirmed in part and reversed in part. All the Justices concur.*

DECIDED JUNE 4, 2001.

*Sherwood & Sherwood, J. Carol Sherwood, Jr.,* for appellants.
*Long, Denton & Parrott, Allen Denton, Vann K. Parrott,* for appellees.